IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM OTIS JAMES BROWN,       )
                                )
            Petitioner,         )
                                )
      v.                        )    1:05CV281
                                )    1:03CR171-1
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner William Otis James Brown, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). (Docket nos. 1, 26, criminal case)[1] The court sentenced him to 50 months in prison. (Docket no. 31, criminal case) Petitioner did not appeal.

Petitioner next filed this section 2255 motion raising one ground for relief. (Docket no. 1) He contends that his sentence was increased beyond the statutory maximum based on facts not proved beyond a reasonable doubt to a jury. (Id.) Respondent filed a motion to dismiss because petitioner's motion was filed outside of the one-year statute of limitation. (Docket no. 3) Petitioner was advised of his right to file a reply brief, but has not filed a brief.[2] (Docket no. 4) The matter is now ready for ruling.

---

[1] Unless noted, case citations will be to the civil case.

[2] Petitioner submitted a defective document which was stricken from the record. (Docket nos. 5, 6) Out of an abundance of caution, the court has considered this document as petitioner's reply brief.

**DISCUSSION**

The government requests dismissal on the ground that the motion was filed[3] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all Section 2255 motions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period expires. See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay, 537 U.S. 522. A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals. Sup. Ct. R. 13(1). If a petition for rehearing is timely filed in the court of

---

[3] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

appeals, the time to file the petition for a writ of certiorari runs from the date of the denial of the petition for rehearing, or if granted, the subsequent entry of judgment. Id. R. 13(3).

The pendency of a Fed. R. Crim. P. 33 motion for a new trial does not toll the one-year period. United States v. Prescott, 221 F.3d 686 (4th Cir. 2000). Resentencing, or the possibility of resentencing, under Fed. R. Crim. P. 35(b) does not extend the date on which the conviction becomes final. United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001). When a petitioner's judgment became final prior to the enactment of the AEDPA, the one year period expired on April 24, 1997. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

Because petitioner did not file a notice of appeal, his conviction became final ten days after entry of judgment. Clay, 537 U.S. 522. This would have been on December 3, 2003. He therefore had until December 3, 2004, to file his section 2255 motion under subsection one of section 2255. Petitioner dated his motion February 8, 2005, therefore this is the earliest he could have given his motion to prison officials for mailing. This is outside of the one-year limitation period. Petitioner's motion is not timely under subsection one.

Only if another subsection gives petitioner a longer limitation period will his motion be timely. Subsection two requires an unlawful governmental action which prevented petitioner from filing his section 2255 motion, and there is no allegation or

showing of such a governmental action. Therefore, subsection two does not apply.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner is apparently relying upon the recent Supreme Court cases regarding the proof needed to enhance sentences, United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Although the Supreme Court has now decided that the reasoning of Blakely does apply to the federal sentencing guidelines, this decision is not retroactively applicable in collateral proceedings such as this case. See Booker, 125 S.Ct. 738 (decision to be applied only to cases not yet final when decision issued); see also Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (Ring and a fortiori Apprendi does not apply retroactively on habeas review). Because petitioner's judgment became final in 2003, and Booker was decided in 2005, it would have to be applied retroactively to benefit petitioner. Therefore, the Blakely line of cases does not extend petitioner's limitation period, and subsection three does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. Petitioner does not contend that he could not have discovered the facts

-4-

underlying his claims by the time his conviction became final, and the court finds that he could have found these facts. Therefore, subsection four does not give him a longer limitation period.

Petitioner's motion is not timely under any subsection of section 2255. It should be dismissed.

**IT IS THEREFORE RECOMMENDED** that respondent's motion to dismiss (docket no. 3) be **GRANTED**, and that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
**United States Magistrate Judge**

July 26, 2005